IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FILED

NORTHERN DISTRICT OF TEXAS

DEC 20 2016

CLERK, U.S. DISTRICT COURT

By _____
                    Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. Case No. 3:13-CR-217-D |
| | ) |
| ALFREDO LIMON-GUEVARA | ) |

### PETITIONER'S AMENDMENT 794-MINOR ROLE PARTICIPANT MOTION-NEWLY AMENDED USSG 3B1.2 FOR SENTENCE REDUCTION

Now comes the Petitioner, Alfredo Limon-Guevara, pro se, in the above entitled matter who respectfully moves this Honorable Court to grant this motion for a reduction in his sentence of 292 months of imprisonment under Amendment 794-Minor Role Participant-Newly Amended USSG 3B1.2(b) in conjunction with his currently pending § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Grounds for relief follow.

Petitioner plead guilty and was sentenced to 292 months of imprisonment to the two count indictment charging: Count One of the Indictment: Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 846, 841(a)(1), & (b)(1)(A)(viii); in Count Two of the Indictment: Possession of a Firearm by an Illegal Alien, 18 U.S.C. §§ 922(g)(5)(A) & 924(a)(2). The Petitioner played a very minor role in this 5.866 kilograms of Methamphetamine conspiracy case and deserves relief from his draconian sentence.

The Petitioner implores this Honorable Court to review the case of United States v. Quintero-Leyva, No. 14-50509 (9th Cir. 5/17/2016) as being instructive to Petitioner's case.

FACTS OF THE CASE:

Norberto Quintero Leyva appealed the district court's denial of a minor role reduction at sentencing pursuant to U.S.S.G. Section 3B1.2(b) after pleading guilty to importation of methamphetamine, in violation of 21 U.S.C. Sections 952 and 960. On November 1, 2015, approximately one year after Quintero Leyva

-1-

was sentenced, the United States Sentencing Commission issues Amendment 794, which amended the commentary to U.S.S.G. Section 3B1.2. The Commission amended the minor role reduction guidelines because, after conducting an independent review, it found that minor role reductions were being "applied inconsistently and more sparingly than the Commission intended." U.S.S.G. App. C. Amend. 794. Specifically, "[i]n drug cases, the Commission's study confirmed that mitigating role is being applied inconsistently to drug defendants who performed similar low-level functions." Id.

Amendment 794 changed language that "may have had the unintended effect of discouraging courts from applying the mitigating role in otherwise appropriate circumstances." Id. Newly amended Section 3B1.2 now states that "a who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered" for the reduction, and "[t]he fact that a defendant performs an essential or indispensible role in the criminal activity is not determinative." Id. The also included a non-exhaustive list of factors a court "should consider" in determining whether to apply a minor role reduction. Id. The factors are:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;
(ii) the degree to which the defendant participated in planning or organizing the criminal activity;
(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decion-making authority;
(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and,
(v) the degree to which the defenant stood to benefit from the criminal activity.

U.S.S.G. Section 3B1.2, comment, n.1(c).

Id. United States v. Quintero-Leyva, No. 14-50509 (9th Cir. 5/17/2016)

The Petitioner meets many, if not all, of the additional non-exhaustive

-2-

list of factors a court "should consider" in determining whether to apply a minor role reduction to Petitioner's 292 month sentence:

The first factor, (i) the degree to which the defendant understood the scope and structure of the criminal activity:

Alfredo Limon-Guevara was tragically arrested on May 16, 2013 for the conspiracy that he actually had nothing to do with involving 5.866 kilograms of methamphetamine and plead guilty under extremely bad advice of counsel without a plea agreement or proceeding to trial. See Presentence Investigation Report, ¶ 7-15, Pages 4-6 of the PSI.

(1) First and foremost Petitioner was sentenced as if he a principle figure in this case. This conspiracy existed prior to any involvement of Petitioner. See PSI ¶ 8.

(2) Petitioner met the head of the conspiracy, "Tamayo", at a job site while working as roofers. ¶ 13. They occasionally hung-out, drank beer and used cocaine together. ¶ 13. Petitioner received a phonecall from Tamayo, who did not own a vehicle, that day asking for a ride to a friend's house and offered $20 to Petitioner for the ride. ¶ 13. Petitioner agreed to give a ride and brought along his girlfriend and her 4 year-old child. ¶ 13. Tamayo explained to Petitioner he needed a vehicle large enough to pick up a package at the friend's house. ¶ 13. Petitioner stated that this was the first and only time he had given Tamayo a ride anywhere, and he only fled when he saw Tamayo flee. ¶ 13.

(i) the degree to which the defendant understood the scope and structure of the conspiracy was literally nil.

(ii) the degree to which the defendant participated in planning or organizing the conspiracy was literally nil.

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decion-making authority was almost nil.

(iv) the nature and extent of the defendant's participation in the commission of the conspiracy, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts was almost nil.

(v) the degree to which the defendant stood to benefit from the conspiracy was literally nil, other than the $20 that he was offered from "Tamayo" for driving "Tamayo" to his friend's house.

The Petitioner admits that he knew that the ride given to Tamayo was for Tamayo to pick up drugs but was told that it was only for personal use and not anything of the order of almost 6 kilograms of methamphetamine. Also, and very importantly, the Petitioner admits that he was transporting the firearm but that it was only obtained for personal protection of his girl-friend and her 4 year-old daughter as they lived in a crime ridden neighborhood full of violent crimes. The firearm had absolutely nothing to do with protecting any drug cache or using it during any deals. It was simply for protecting my girlfriend and her daughter and was obtained well before any known drug deal that was to occurr.

Given the facts and the circumstances in this case, there is absolutely no evidence, despite the erroneously given guilty plea, that proves or shows that the Petitioner deserves to serve the full sentence rendered him by this Court. The Petitioner meets the exact parameters for a sentencing reduction under Amendment 794 as being a Minor Role Participant in this Conspiracy drug case.

Petitioner respectfully requests that this Honorable Court assign counsel to Petitioner Limon so that his assigned counsel can represent him in this Amendment 794 Petition as well as the remainder of the issues to be decided by the District Court on his § 2255.

WHEREFORE, for all of the foregoing reasons Petitioner literally prays

that this Honorable Court grants this motion for a sentence reduction under

Amendment 794 and assign counsel to represent him in both his Amendment

794 Motion as well as his § 2255 Motion and to grant any such further relief

that the Court deems to be just and equitable.

                                        Respectfully submitted,


Dated this 28th day of October, 2016.    _____
                                         Alfredo Limon-Guevara, Pro Se
                                         Reg.No. 46261-177
                                         United States Penitentiary Lee
                                         P.O. Box 305
                                         Jonesville, VA 24263-0305


## CERTIFICATE OF SERVICE

I. Alfredo Limon-Guevara, do hereby certify that I have forwarded a copy of
the foregoing Petitioner'S Amendment 794-Minor Role Participant Motion-
Newly Amended USSG 3B1.2 For Sentence ReductioN via the Clerk of Court
respectfully requesting that the Clerk of Court forward this motion
electronically to:

                    Lisa J. Dunn
                    Assistant United States Attorney
                    Oklahoma Bar No. 16795
                    1100 Commerce St. 3rd Floor
                    Dallas, TX 75242-1699

on this 28th day of October by placing same in the institutional legal mailbox
first class mail, postage pre-paid under the Prisoner Mailbox Rule announced
in the case Houston v. Lack, (1988).


                                         _____
                                         Alfredo Limon-Guevara, Pro Se


-5-

RECEIVED
DEC 20 2016
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Alfedo Limon-Guevara
Reg. No. 46261-177
United States Penitentiary
P.O. Box 305
Jonesville, VA 24263-0305

Clerk of Court
U.S. District Court
Dallas, Texas

December 13, 2016

RE: United States v. Alfredo Limon-Guevara

Dear Clerk of Court,

Please Find enclosed a copy of my Amendment 794-Minor Role Participant Reduction Motion.

I am very distraught after being told by your office that you did not receive my motion after I Filed it by way of U.S. Mail. Please bring this to the attention of the court as soon as your duties allow. I did everything I was supposed to do and Followed the Rules in mailing my Legal materials to you. I hope that I am not penalized For Following the procedure For mailing Legal documents correctly.

I thank you in advance For your time and consideration in this matter.

Very Truly yours,
Alfredo Limon-Guevara





ALFREDO LIMON GUEVARA
#46261-177
UNITED STATES PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263-0305



CLERK OF COURT
UNITED STATES DISTRICT C
NORTHERN DISTRICT OF T
1100 COMMERCE ST
ROOM 1452
DALLAS, TX 75242 1310