IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:13-CR-217-D(02) |
| VS. | § |
| | § |
| ALFREDO LIMON-GUEVARA, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Alfredo Limon-Guevara ("Limon") moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the court denies Limon's motion to the extent that he seeks compassionate release, and it dismisses the motion for lack of jurisdiction to the extent that Limon's attempt to challenge the legality of his underlying sentence should be construed as a successive § 2255 motion.

I

Limon pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 (count 1) and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a)(2) (count 2). On November 14, 2014 the court sentenced him to 292 months' imprisonment as to count 1 and 120 months imprisonment as to count 2, to run concurrently with one another, followed by 5 years of supervised release on count 1 and 1 year of supervised release on count 2. Limon appealed his sentence, but his appeal was dismissed on Limon's unopposed motion. Limon also filed a motion to vacate

under 18 U.S.C. § 2255, a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), and a motion to reduce sentence based on U.S.S.G. Amendment 794. The court denied all three motions. Limon now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on alleged "extraordinary and compelling reasons." D. Br. 3. The government opposes the motion.[1]

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court

---

[1]On September 9, 2022 the court entered an order directing the government to file a response to Limon's motion and permitting Limon to file a reply. The government filed its response on October 7, 2022, and Limon filed his reply on November 15, 2022. Limon's motion is now ripe for a decision.

[2]Limon states that he filed a request for reduction in sentence with the Warden of USP-Lompoc on March 24, 2022 and that more than 30 days have elapsed since the USP-Lompoc Warden received his request. He attaches as an exhibit to his motion a copy of what appears to be his letter to the USP-Lompoc Warden requesting a sentence reduction. D. Ex. A. Based on Limon's representations and supporting evidence, the court will assume

must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

### III

Limon contends that extraordinary and compelling circumstances warrant a sentence reduction because, if he were sentenced today, his 292-month federal sentence would be substantially lower "in the wake of Amendment 790 being employed in his case." D. Br. 4. Limon maintains that under this provision, "he would not be held responsible for the scope of the conspiracy in which[ ] he was not personally involved in." *Id.* Limon also posits that he should be granted a sentence reduction based on the "extremely restrictive [prison] conditions" required by the COVID-19 pandemic, *id.* at 8; because the court failed to consider that the U.S.S.G.'s 10-to-1 ratio for actual-to-mixture methamphetamine is not based on empirical evidence and is overly harsh and "[a] recalculation of [his] base level using the converted drug weight chart wherein would produce a substantially lower federal sentence to 120 months of imprisonment in the case herein," *id.* at 11; and because he has chronic medical conditions (obesity, hypertension, and prior cigarette smoker) that place him

---

*arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

at a heightened risk of severe illness or death if he contracts COVID-19.

The court disagrees with Limon that the application of Amendment 790 would result in a reduction to his guideline imprisonment range or that the court erred in calculating his base offense level by holding him accountable for 5.754 kilograms of methamphetamine (actual). But even assuming *arguendo* that he has shown an extraordinary and compelling reason, the court concludes below that his motion should be denied after considering the § 3553(a) factors. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from

- 4 -

further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Limon is currently serving a 292-month sentence for conspiring to distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large, and for the possession of a firearm.  His projected release date is June 10, 2034.  If the court grants Limon's motion, it will be ordering him released more than *11 years* before he would otherwise be eligible.  Not only would Limon's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct.  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Limon fails to provide any evidence that he is not a danger to the community.  *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").  Moreover, the undersigned as the sentencing judge is aware of Limon's relevant offense conduct, and finds

that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Limon's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

A

To the extent that Limon's motion can be construed as challenging the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). Because Limon previously filed a § 2255 motion that was denied on the merits, *see Limon-Guevara*

*v. United States*, 2017 WL 1418319, at *1 (N.D. Tex. Feb. 6, 2017) (Ramirez, J.), *rec. adopted*, 2017 WL 1408829 (N.D. Tex. Apr. 20, 2017) (Fitzwater, J), he must first obtain authorization from the United States Court of Appeals for the Fifth Circuit before he can pursue a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). He has not received Fifth Circuit authorization to file a successive § 2255 motion. Accordingly, Limon's attempt to challenge the legality of his underlying sentence, construed as a successive § 2255 motion, is dismissed for lack of jurisdiction.

B

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability as to Limon's construed successive § 2255 motion.[3] The court finds that Limon has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

---

[3]No certificate of appealability is required for Limon to appeal the part of this memorandum opinion and order that denies his motion for compassionate release.

If Limon files a notice of appeal:

( )   he may proceed *in forma pauperis* on appeal.

(**X**)   he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

December 7, 2022.

                                             SIDNEY A. FITZWATER
                                             SENIOR JUDGE